EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* NAZARIO LÓPEZ, alias NENE, acusado y apelante.

No. 3593.—*Visto:* Diciembre 20, 1928. *Resuelto:* Diciembre 24, 1928.

*Leopoldo Tormes* y *R. Hernández Matos,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Nazario López (*a*) Nene fué acusado de tentativa de cometer incendio malicioso y sentenciado a sufrir una pena de cinco años de presidio, después del jurado haber traído un veredicto declarándole culpable del delito de que se le acusaba.

El artículo 284 del Código de Enjuiciamiento Criminal dispone lo siguiente:

"Cuando hubiere que hacer distinción entre varios grados de culpabilidad al apreciar un delito, el jurado deberá determinar, si declarare culpable al reo, el grado del delito cometido por éste."

Los artículos 404 y 405 del Código Penal leen así:

"Art. 404.—El incendio malicioso se divide en dos grados.

"Art. 405.—Es incendio malicioso en primer grado el acto de incendiar maliciosamente, de noche, un edificio habitado, en que estuviere alguna persona al tiempo de cometerse. Todos los demás casos de incendio malicioso, corresponden el segundo grado."

De acuerdo con los términos del artículo 50 del Código Penal, toda tentativa para la cual no hubiere señalada la pena correspondiente, se castigará en la forma expresada a continuación:

"1.—Si el delito frustrado aparejare pena de presidio por cinco

años o más, o de cárcel, se impondrá al culpable de intentarlo, pena de reclusión en presidio o cárcel, según fuere el caso, por un término que no excederá de la mitad del máximo de prisión impuesta al convicto del delito así intentado.

"2.—Si el delito frustrado aparejare pena de presidio por un término menor de cinco años, el culpable de intentarlo será castigado con pena de cárcel por un término máximo de un año."

El delito de incendio malicioso en primer grado es castigable con pena de presidio mínima de diez años, e incendio malicioso en segundo grado con una pena de presidio no menor de un año ni mayor de diez años.

Desde la fecha en que fué resuelto el caso de *El Pueblo* v. *Rivera (a) Panchito,* 7 D.P.R. 332, esta corte ha revocado uniformemente las sentencias dictadas en causas criminales en que los veredictos dejan de especificar el grado en un delito que, según nuestro Código Penal, consta de varios grados.

La cuestión que ahora tenemos ante nuestra consideración es si la misma regla debe seguirse o no cuando se trata de una tentativa para cometer un delito, al ser la tentativa de la clase a que se hace referencia en el artículo 50, *supra.* Ese artículo establece una relación directa e íntima entre la penalidad para una tentativa y el delito mismo. La pena señalada para la tentativa de un delito de dos o más grados se hace depender del grado del delito que se ha tratado de cometer.

Según se indica en el caso de *El Pueblo* v. *Rivera, supra,* al exigirse que un veredicto especifique el grado del delito, ello se hace para beneficio del acusado y así debe ser razonablemente interpretado.

De lo que antecede parece desprenderse que en un caso de tentativa para cometer el delito de incendio malicioso un veredicto de culpabilidad debe especificar el grado del delito de incendio que se ha tratado de cometer.

*La sentencia apelada debe ser revocada y ordenarse un nuevo juicio.*